# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:19-CV-00165-DSC

| | |
|---|---|
| CHRISTINE O'KEEFE, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND ORDER** |
| ANDREW SAUL,[1] | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #10) and Defendant's "Motion for Summary Judgment" (document #12), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment; grant Defendant's Motion for Summary Judgment; and affirm the Commissioner's decision.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

---

[1] Andrew Saul is now the Commissioner of Social Security and substituted as a party pursuant to Fed. R. Civ. P. 25(d).

Plaintiff filed the present action on May 28, 2019. She assigns error to the Administrative Law Judge (ALJ)'s formulation of her mental Residual Functional Capacity ("RFC").[2] See Plaintiff's "Memorandum ..." (document #11). She argues that the ALJ failed to account for her moderate difficulty in concentration, persistence or pace. (Tr. 15-17).

## II. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

The question before the ALJ was whether Plaintiff became disabled at any time.[3] The Court has carefully reviewed the record, the authorities and the parties' arguments. The ALJ formulated Plaintiff's RFC as follows:

> The claimant is limited to work in a low stress job, which is a job that requires occasional decision-making, occasional judgments, and occasional changes in the work setting. The claimant is also limited to low stress jobs that are goal oriented rather than oriented toward production pace or on assembly line. Further, the claimant should be limited to low stress jobs requiring simple, repetitive instructions and no more than occasional contact with co-workers, supervisors, and the public.

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

(Tr. 16-17). The ALJ accounted for Plaintiff's moderate impairment in concentration, persistence or pace. The RFC includes more than a restriction to simple, routine, repetitive tasks. Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015) (limitation to simple, routine, repetitive tasks alone does not account for moderate limitation in concentration, persistence or pace). Nor did the ALJ include the restrictions the Fourth Circuit recently found to be ambiguous. Thomas v. Berryhill, 916 F.3d 307, 312 (4th Cir. 2019) (failure to define terms "production rate" and "demand pace" frustrated meaningful review). The ALJ restricted Plaintiff to "low stress" work, which he defined in part as "goal oriented rather than oriented towards production pace or on [an] assembly line." (Tr. 16). There is nothing ambiguous or undefined in that language to frustrate meaningful review. Martinez v. Berryhill, No. 3:17-CV-186, 2018 WL 709971, at *4 (W.D.N.C. Feb. 5, 2018), aff'd sub nom. Martinez v. Saul, No. 18-1376, 2019 WL 4130955 (4th Cir. Aug. 30, 2019) (unpublished) (reviewing and affirming RFC precluding production rate pace required in assembly line work); see also Michaels v. Berryhill, 697 F. App'x 223 (4th Cir. 2017) (unpublished) (affirming RFC that limited claimant to "work at a nonproduction pace rate").

The ALJ applied the correct legal standards and his conclusion that Plaintiff was not disabled is supported by substantial evidence.

### III. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion for Summary Judgment" (document #10) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #12) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**     Signed: January 13, 2020

David S. Cayer
United States Magistrate Judge